## SIMPSON v. CLAYTON.

### No. 11189.

Court of Civil Appeals of Texas. San Antonio.

July 1, 1942.

Atlas Jones, of Uvalde, for appellant.

G. C. Jackson and Geo. C. Herman, both of Crystal City, for appellee.

NORVELL, Justice.

The County Court of Zavala County refused to appoint appellant, Mayme W. Simpson, guardian of the estate of her minor daughter, Bette Joyce Simpson.

Upon appeal to the District Court of said County a like order was entered, from which this appeal was taken.

The District Judge filed full and complete findings of fact and conclusions of law, from which we take the following statement:

G. D. Simpson and Mayme W. Simpson were divorced in October, 1938. Custody of their minor child, Bette Joyce Simpson, was awarded to the mother.

In January, 1939, G. D. Simpson died, leaving a will by which his property was devised to his daughter, Bette Joyce Simpson. Evelyn Clayton, a sister of the deceased, was named as independent executrix under the will and designated as the guardian of the estate of Bette Joyce Simpson.

On January 30, 1939, the County Court of Zavala County entered an order in probate cause No. 257, which recited that "every citation required by law has been duly issued, served and returned in the manner and for the length of time required by law." By this order, Evelyn Clayton was appointed independent executrix of the estate of G. D. Simpson, deceased, and guardian of the estate of Bette Joyce Simpson, a minor.

It appears that said minor has no property other than that devised to her by her deceased father.

Appellant knew the contents of the will of her former husband, and received a copy thereof after it had been filed for probate, together with a notice that Evelyn Clayton's application thereon would be heard by the Probate Court on January 30, 1939.

On August 25, 1941, over two and a half years after the entry of the order above mentioned, Mayme W. Simpson, in Cause No. 283 on the probate docket of the County Court of Zavala County, filed an application to be appointed guardian of the estate of her minor daughter. In this application no mention was made of the proceedings had in Probate Cause No. 257.

Although, in subsequent pleadings, Mayme W. Simpson characterized the order of January 30, 1939, as being "illegal and invalid and void," the County Judge treated the attack upon the order entered in Cause No. 257 as being collateral, and dismissed appellant's application.

Upon appeal, the District Judge concluded as a matter of law that:

"1. The judgment in said Cause No. 257 in the County Court of Zavala County appointing Mrs. Evelyn Clayton as guardian of the estate of the minor, Bette Joyce Simpson, is not a void judgment.

"2. This proceeding is not a direct attack upon the judgment in Cause No. 257, but a collateral attack.

"3. This Court does not have jurisdiction in this cause to ignore as void said judgment in Cause No. 257, nor to set aside, modify or correct same."

As there is no statement of facts, the trial court's findings of fact are conclusive. In our opinion, such findings fully support the conclusions of law above set out.

An affirmance of the trial court's judgment is accordingly ordered.